IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**REGINALD BAILEY,**
**ADC #093252**                                                                                                                                                     **PLAINTIFF**

V.                        **CASE NO. 1:16-CV-00125-KGB-BD**

**RONALD GILLIHAN, et al.**                                                     **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**     **Procedures for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker. Any party may file written objections to this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive any right to appeal questions of fact.

**II.**     **Background**

Jeffrey Elmore, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit on behalf of himself, Reginald Bailey, and fifteen other ADC inmates or former inmates. (Docket entry #1) The Court screened Mr. Bailey's amended complaint, as required by the Prison Litigation Reform Act ("PLRA"), and found that he had stated a

failure-to-protect claim and a retaliatory discipline claim against Defendant Gillihan. The rest of Mr. Bailey's claims were dismissed. (#23)

Defendant Gillihan has now moved for summary judgment, contending that Mr. Bailey failed to exhaust administrative remedies against him before filing suit. (#27) Mr. Bailey has responded to the motion, and Defendant Gillihan has replied to Mr. Bailey's response. (#32, #33) The motion is now ripe for review.

### III. Discussion

The Court must dismiss any claim that was not fully exhausted before the date a complaint was filed. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").

There are exceptions to the exhaustion requirement. For example, prisoners can be excused from exhausting administrative remedies when correction officials have prevented them from using grievance procedures or when officials have themselves failed to comply with administrative procedures. *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001); *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001). But the exceptions to the exhaustion requirement are few. An inmate's subjective belief about the effectiveness of the grievance process does not excuse a failure to exhaust; nor does confusion about the

requirements for exhaustion. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

Exhaustion requirements vary from prison to prison because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007); see also *Woodford*, 548 U.S. at 91. Because Mr. Bailey was in the ADC, he was obligated to comply with the specific requirements of the ADC policy in order to fully exhaust administrative remedies. *Id.*

In support of his motion, Defendant Gillihan has attached the sworn statement of Barbara Williams, the ADC Inmate Grievance Supervisor. (#28-2) Ms. Williams testifies that Mr. Bailey did not file any grievances identifying Defendant Gillihan and, therefore, failed to exhaust his administrative remedies as to the claims he raised in this lawsuit. (#28-2 at p.2)

In response to Defendant Gillihan's motion, Mr. Bailey contends that he was not allowed to exhaust his administrative remedies because ADC staff members told him that he could not grieve a disciplinary matter. In addition, Mr. Bailey states that Defendant Gillihan threatened to retaliate against him if he filed a grievance against him. Again, Mr. Bailey's subjective beliefs about the exhaustion process and his confusion about the process cannot excuse his failure to exhaust. Furthermore, Mr. Bailey has not presented any evidence to show that he ever attempted to exhaust his claims against Defendant Gillihan.

## IV. Conclusion

The Court recommends that Defendant Gillihan's motion for summary judgment (#27) be GRANTED. Mr. Bailey's claims against Defendant Gillihan should be

DISMISSED, without prejudice. His pending motion for settlement (#35) should be DENIED, as moot.

DATED this 3rd day of October, 2017.

_____
UNITED STATES MAGISTRATE JUDGE